UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ILLINOIS STATE PAINTERS HEALTH | ) | |
| AND WELFARE FUND, By and Through | ) | |
| Its Board of Trustees, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. |
| | ) | |
| TRUSS PLUS, INC., | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, ILLINOIS STATE PAINTERS HEALTH & WELFARE FUND, by and through their attorneys, Cavanagh & O'Hara LLP, and for their Complaint against Defendant TRUSS PLUS, INC., and alleges as follows:

### Parties

1.      Plaintiff ILLINOIS STATE PAINTERS HEALTH & WELFARE FUND (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.      The address and place of administration of the Welfare Fund is 13801 Riverport Drive, Suite 401, Maryland Heights, Missouri 63043, within the jurisdiction of this Court.

3. Defendant TRUSS PLUS, INC. ("Truss Plus") is an Iowa corporation maintaining its principal place of business at 923 E. 59th St., Unit 1, Davenport, IA  52807.

4. Truss Plus is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

## Jurisdiction and Venue

5. This Court has jurisdiction over the Welfare Fund's claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

6. This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

7. Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

## Facts Common To All Counts

8. Truss Plus is, was and has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Illinois State Painters Health & Welfare Fund, and/or its constituent local union.

9. Truss Plus is, was and has been signatory to and bound by Participation Agreement(s) with the Welfare Fund, pursuant to which Truss Plus agreed to become party to and to be bound by the terms and provisions of certain Trust Documents establishing the Welfare Fund.

10. Truss Plus employs, or has employed individuals who are members of, and/or who are represented by Illinois State Painters Health & Welfare Fund and its constituent local labor

organizations for purposes of collective bargaining and said individuals are participants in the Welfare Fund.

11.     The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) require Truss Plus to submit reports of hours worked by these employees working under the terms of the Agreement to the Welfare Fund and to pay monetary contributions to the Welfare Fund at specified hourly rates related to such hours worked.

12.     Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Truss Plus is required to pay contributions to the Welfare Fund in accordance with the terms and conditions of its Agreement and the Declarations of Trust establishing the Welfare Fund.

13.     The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) adopted by the Trustees of the Welfare Fund, and to which Truss Plus is bound and required to comply, specifically provide(s) that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Welfare Fund for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

14.     The Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and policies adopted by the Trustees of the Welfare Fund, and to which Truss Plus is bound and required to comply, further authorize the Welfare Fund to conduct audits of signatory employers, including Truss Plus.

15.     During 2016, the Welfare Fund's auditors, Romolo & Associates, CPA, conducted an audit of Truss Plus for the period of January 1, 2011 through June 30, 2016.

16.     The audit resulted in a finding of liability due in the amount of $1,631.00 ("Delinquency").

17.     As a result of incurring the delinquency and pursuant to the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and policies adopted by the Trustees of the Welfare Fund, and to which Truss Plus is bound and required to comply, Truss Plus is liable for Liquidated Damages in the amount of twenty percent (20%) of the Delinquency, or $326.20.

18.     As a result of incurring the delinquency the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and policies adopted by the Trustees of the Welfare Fund, and to which Truss Plus is bound and required to comply, Truss Plus is liable for interest in the amount of at least $128.08, or a different and greater amount to be proven at trial.

19.     Pursuant to the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and policies adopted by the Trustees of the Welfare Fund, and to which Truss Plus is bound and required to comply, Truss Plus is liable for audit costs in the amount of $621.50.

20.     Pursuant to the Agreement(s), the Participation Agreement(s) and/or the Trust Document(s) and policies adopted by the Trustees of the Welfare Fund, and to which Truss Plus is bound and required to comply, Truss Plus is liable for the Welfare Funds attorney's fees and costs, in an amount to be proven at trial.

21.     Demand has been made upon Truss Plus to pay the foregoing amounts, but Truss Plus had unreasonably failed and refused to do so.

22.     As a result of Truss Plus's acts and omissions, the Welfare Fund has been harmed.

WHEREFORE, Plaintiff Illinois State Painters Health and Welfare Fund respectfully prays that the Court:

    a.      Enter Judgment for the Welfare Fund and against Truss Plus;

    b.      Enter an Order awarding the Welfare Fund $1,631.00 in delinquent contributions;

c.      Enter an Order awarding the Welfare Fund Liquidated Damages in the amount of $326.20;

d.      Enter an Order awarding the Welfare Fund pre-judgment interest the amount of at least $128.08, or a different and greater amount to be proven at trial;

e.      Enter an Order awarding the Welfare Fund audit costs of $621.50;

f.      Enter an Order awarding the Welfare Fund their attorneys' fees and costs;

g.      Enter an Order awarding the Welfare Fund post-judgment interest;

h.      Enter Orders for further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
101 W. Vandalia St., Suite 245
Fairview Heights, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiff Illinois State Painters
Health and Welfare Fund